Colin R. Hagan (CA Bar #298591)
Colin.Hagan@slglawfirm.com
Shlansky Law Group, LLP
3790 El Camino Real, #112
Palo Alto, CA 94306
Phone: (650) 238-5433
Fax: (866) 257-9520
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AVID HOLDINGS LTD. f/k/a ALDEREGO GROUP LTD., a Hong Kong limited liability company, HANNA CARFIELD and JONATHAN CARFIELD, | Case No. 2:24-cv-8196 |
|  | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT QUESTIONS OF ARBITRABILITY TO ARBITRATION** |
| Plaintiffs, | [Declarations of Colin R. Hagan and Proposed Order Filed Concurrently] |
| - against - | Date: January 17, 2025<br>Time: 10:00 a.m. |
| ALEX KWON, ZHAO YU, DENTONS DURHAM JONES PINEGAR P.C., DENTONS US LLP, and BEIJING DACHENG LAW OFFICES, LLP, | Dept.: 5C<br>Assigned to the Hon. Sherilyn Peace Garnett |
| Defendants. | Filed: September 4, 2024<br>Trial Date: None |

## <u>NOTICE OF MOTION</u>

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR**

**ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on January 17, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, in Courtroom 5C, Plaintiffs Avid Holdings, Ltd., formerly known as AlderEgo Group Ltd. ("Avid Holdings"), Hanna Carfield, and Jonathan Carfield (collectively, "Plaintiffs") will present their Motion to Stay and to Compel Alex Kwon to Submit Questions of Arbitrability to Arbitration.

This Motion is based upon this Notice of Motion and Motion, the Declaration of Colin R. Hagan filed concurrently, along with exhibits thereto, all pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and such additional evidence and authority as may be offered at the time of oral argument, if any.

This Motion is brought following the conference of counsel pursuant to L.R. 7-3, which took place on December 9, 2024, and December 30, 2024.

PLAINTIFFS' MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT QUESTIONS OF ARBITRABILITY TO ARBITRATION

1

2

3

DATED this 9th day of January, 2025.

4

Respectfully Submitted,

5

6

**AVID HOLDINGS, LTD.,
JONATHAN CARFIELD, and
HANNA CARFIELD**

7

8

By their attorneys,

9

By: /s/ Colin R. Hagan

10

Colin R. Hagan

11

Shlansky Law Group, LLP
3790 El Camino Real, #112

12

Palo Alto, CA 94306
Phone: (650) 238-5433

13

Fax:   (866) 257-9530

14

E-mail: Colin.Hagan@slglawfirm.com

15

David J. Shlansky*

16

Frances F. Workman*
Shlansky Law Group, LLP

17

1 Winnisimmet Street

18

Chelsea, MA 02150
Phone: (617) 497-7200

19

Fax: (866) 257-9530

20

Email:
David.Shlansky@slglawfirm.com

21

Frances.Workman@slglawfirm.com

22

* *pro hac vice* application forthcoming

23

*Attorneys for Plaintiffs*

24

25

26

27

28

-3-

# <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION...........................................................................................1

TABLE OF CONTENTS ......................................................................................4

TABLE OF AUTHORITIES.................................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES.........................................7

ARGUMENT......................................................................................................12

   I.    THE COURT HAS THE AUTHORITY TO STAY THE LITIGATION OR BRIEFING ON THE PENDING MOTIONS TO DISMISS OR TO COMPEL ARBITRATION..................................................................12

II.    A LIMITED STAY IS WARRANTED IN THIS CASE ............................13

    A. No Possible Damage Resulting from a Stay ...........................................13

    B. Hardship or Inequity ................................................................................14

    C. Orderly Course of Justice ........................................................................15

III.   THE COURT SHOULD ORDER MR. KWON TO DIRECT QUESTIONS OF ARBITRABILITY TO THE ARBITRATOR .......................................18

CONCLUSION...................................................................................................24

# TABLE OF AUTHORITIES

## CASES

*Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC,* 622 F.Supp.2d 825 (N.D. Cal. 2007) .................................................................................... 13

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643 (1986) ................ 16

*Attia v. Oura Ring, Inc.,* C.A. No 23-cv-03433-HSG, 2024 WL 1382464 (N.D. Cal. April 1, 2024) .................................................................... 16, 18

*Avid Holdings Ltd. f/k/a AlderEgo Group Ltd. v. Next Level Ventures, LLC*, American Arbitration Association Case No. 01-23-0000-8019 ............................... 4

*Boise v. ACE USA, Inc.*, 2015 WL 4077433 (S.D. Fla. July 6, 2015) .................. 14

*Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015) ..................................... 19, 21

*Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021 (9th Cir. 2022) ............... 22, 23

*Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024) ........................................................ 18

*Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006) ........................................... 16

*E & E Co. v. Light in the Box Ltd*., No. 15-CV-00069-EMC, 2015 WL 5915432 (N.D. Cal. Oct. 9, 2015) ................................................................... 21

*Elias Shiber & CANA, Inc. v. Have a Heart Compassion Care, Inc*., No. 220CV05441SVWSHK, 2020 WL 8671896 (C.D. Cal. Oct. 14, 2020) ............... 23

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023) .......................... 12, 13

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) ........................... 19

*Granite Rock Company v. International Brotherhood of Teamsters*, 561 U.S. 287 (2010) ............................................................................. 22

*In re PG&E Corporation Securities Litigation*, 100 F.4th 1076 (9th Cir. 2024) ........................................................................... 12, 13

PLAINTIFFS' MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT QUESTIONS OF ARBITRABILITY TO ARBITRATION

*Kramer v. Toyota Motor Co.*, 705 F.3d 1122 (9th Cir. 2013).....................19, 20, 21

*Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983)..12

*Oracle America, Inc. v. Myriad Group A.G.,* 724 F.3d 1069 (9th Cir. 2013)...20, 21

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018) ...................................................................................17

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S 63 (2010) ................................18, 22

*Salas v. Universal Credit Servs., LLC*, No. 17-CV-2352 JLS (BLM), 2019 WL 1242448 (S.D. Cal. Mar. 18, 2019) ..........................................................................24

*Shulman v. Kaplan*, No. CV1905413ABFFMX, 2020 WL 2748022 (C.D. Cal. Jan. 28, 2020) ...........................................................................................23

*S.T.G. by and through Garcia v. Epic Games, Inc.*, No. 24-cv-517-RSH-AHG, 2024 WL 4375782 (S.D. Cal. Oct. 2, 2024)......................................................................23

*SteppeChange LLC v. VEON Ltd*., 354 F. Supp. 3d 1033 (N.D. Cal. 2018)...........24

*Wolf v. Lyft, Inc.*, 2015 WL 4455965 (N.D. Cal. July 20, 2015) ............................14

**STATUTES AND RULES**

AAA Commercial Arbitration Rule R-7(a) ...............................................................20

Fed. R. Civ. P. 26(f)..........................................................................................11, 17

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiffs bring this Motion to Stay and to Compel Alex Kwon to Submit Questions of Arbitrability to Arbitration (the "Motion") to stay this case and compel Defendant Alex Kwon to submit his questions of arbitrability to the arbitrator in the arbitration pending in the matter *Avid Holdings Ltd. f/k/a AlderEgo Group Ltd. v. Next Level Ventures, LLC*, American Arbitration Association Case No. 01-23-0000-8019 (the "Arbitration").  This is an extraordinary case in which all parties seek a stay in one form or another.  Plaintiffs and Mr. Kwon *agree* that a valid arbitration agreement exists and that the agreement delegates the "gateway" issues of arbitrability to the arbitrator.  However, they dispute whether the claims against Mr. Kwon are subject to arbitration.  If they are, the claims against the other defendants may be, too, under the same theories that Mr. Kwon raises.  Efficiency warrants staying this case so that the arbitrator can decide these issues.

Plaintiffs Avid Holdings, Ltd., Jonathan Carfield, and Hanna Carfield are a vaporizer ("vape") designer and manufacturer, its founder and principal, and his spouse.  They brought claims against Alex Kwon, Zhao Yu, Dentons Durham Jones Pinegar P.C. ("DDJP"), Dentons US LLP ("Dentons US"), and Beijing Dacheng Law Offices, LLP ("Beijing Dacheng") to redress a campaign of tortious activity designed to usurp the Carfields' business and oust them from their business enterprise and the "vape" industry.

Mr. Kwon has filed a Motion to Compel Arbitration (the "Kwon Motion"),

-7-

and DDJP and Dentons US (together, the "Dentons Defendants") have filed a

Motion to Strike and to Dismiss (the "Dentons Motion").  ECF Nos. 38 and 41.

Mr. Zhao and Beijing Dacheng are residents of China, and Plaintiffs are in the

process of seeking to have them served through the Hague Convention since they

have not responded to a request to waive or accept service.  Under the

circumstances of this case, the Court should exercise its discretion to stay the case

on a limited basis or hold in abeyance the Kwon Motion and the Dentons Motion,

along with any briefing on the same, and address the threshold issue of whether the

Court or the arbitrator should determine whether Mr. Kwon may enforce the

arbitration agreement and whether the claims pleaded against him in the FAC are

arbitrable, which may imply a similar outcome for others before the Court.  The

Kwon Motion reflects that Mr. Kwon and Plaintiffs agree that the Exclusive

Distribution Agreement ("EDA") that Mr. Kwon argues requires arbitration of the

claims against him delegates to the arbitrator any questions about arbitrability,

including the threshold "gateway" issues of whether Mr. Kwon is entitled to

enforce the EDA and whether the claims pleaded against him in this Court are

arbitrable.

   Mr. Kwon seeks to compel Plaintiffs to arbitrate their claims against him

pursuant to the EDA between Avid Holdings and Next Level Ventures, LLC, a

distribution company that Mr. Kwon formed to distribute Avid's products.

Declaration of Colin R. Hagan ("Hagan Decl."), Exhibit A.  Plaintiffs have brought

-8-

the Arbitration against Next Level currently pending before the American Arbitration Association.  However, Plaintiffs filed the claims against Defendants in this Court because none of the Defendants are signatories to the EDA (other than Mr. Kwon, who signed on behalf of Next Level, not in his individual capacity) and because the arbitrator has previously held "[t]o the extent the claims for defamation are based upon actions of Kwon, an individual, there is no jurisdiction over Kwon, a non-party to the agreement.  These allegations shall remain only to the extent they assert Kwon was an agent of Next Level for which it had legal liability."  Hagan Decl., <u>Exhibit B</u>.  Plaintiffs do not believe that arbitration is *required*.  However, they have expressed a willingness to consolidate these claims in the pending arbitration, except that the Dentons Defendants dispute that they are subject to arbitration and the position of Mr. Zhao and Beijing Dacheng is unknown.

Given that Mr. Kwon has raised the issue of arbitrability, there are threshold questions that must be addressed regarding whether the claims against him are arbitrable.  The resolution of those issues may have implications for the claims against the remaining defendants, including the Dentons Defendants.  Plaintiffs' position is that if Mr. Kwon is correct that the claims against him are subject to arbitration, including under an agency theory, that same reasoning would likely apply to the remaining Defendants, who are all alleged to have acted in concert in their tortious conduct against the Plaintiffs.

The Court should stay this case, or at least hold any briefing or decision on

-9-

the Kwon Motion and the Dentons Motion in abeyance, and order Mr. Kwon to raise his questions about arbitrability in the pending arbitration, in which he admits that he has been "actively involved." Plaintiffs' Motion should be granted for four reasons:

*First*, the Court has the discretion to enter a limited stay. The first factor that courts generally consider is whether any party will face damage from the stay. Because Mr. Kwon and the Dentons Defendants all seek a stay of this case pending the outcome of the pending arbitration, *a fortiori*, they cannot argue that they would be harmed by a limited stay of the case sufficient to determine questions of arbitrability. A stay would be limited to the time sufficient for the arbitrator to determine who, and what claims, belong in the arbitration.

*Second*, in contrast, the Plaintiffs face prejudice if they are required to continue to expend resources in litigating in this Court if the appropriate decisionmaker (the arbitrator), determines that the issues brought in this litigation belong in the Arbitration pending before her. That is especially so if any of the issues raised in the Kwon Motion or the Dentons Motion would have to be re-briefed, or if Plaintiffs have to continue to incur the costs of serving Mr. Zhao and Beijing Dacheng through the Hague Convention, and bring the additional motion practice that will apparently be necessary, only for the case to be moved to arbitration. For example, Plaintiffs intend to seek leave to file a conspiracy claim against the Dentons Defendants. In addition, it appears that Plaintiffs may need to

compel Mr. Kwon and the Dentons Defendants to participate in a conference under Fed. R. Civ. P. 26(f) and complete the Joint Report required under this Court's Standing Order for Newly Assigned Civil Cases.  Plaintiffs seek only to proceed in an orderly and efficient manner and to ensure that the correct decisionmaker is deciding the issues.

*Third*, the orderly course of justice warrants a stay.  The same issues that would prejudice Plaintiffs absent the relief sought here also implicate the Court's resources.  Plaintiffs propose to have the arbitrator decide the question of whether Mr. Kwon can enforce the arbitration agreement and whether the claims against him are arbitrable.  Depending on that decision, they may seek to compel the Dentons Defendants, Mr. Zhao, and Beijing Dacheng to participate in the arbitration, under the same theories that Mr. Kwon raises (if he is correct).  Mr. Kwon agrees that the EDA delegates questions of arbitrability to the arbitrator, but has refused to cite any authority holding that the Court must *first* compel arbitration because Mr. Kwon is not a signatory to the EDA in his individual capacity.

*Finally*, the Court should order Mr. Kwon to submit the question of whether he can enforce the EDA or whether the claims against him are arbitrable to the arbitrator in light of his agreement that the EDA delegates those questions.  Federal law addressing these issues holds that parties may delegate the threshold or "gateway" issues of who, and what claims, belong in arbitration.  Mr. Kwon agrees that the EDA in this case does so.  Decisional authority confirms that the language

-11-

in the EDA delegates those questions even as to non-signatories like Mr. Kwon.

The issues raised in the Kwon Motion are not contract formation issues or

challenges to the formation of an arbitration agreement that may be reserved for the

Court.  If they are, deciding that issue on a preliminary basis would clarify what

issues need to be briefed in connection with the Kwon Motion or may limit the

issues that this Court needs to decide.

A limited stay is warranted here.

## ARGUMENT

**I.   THE COURT HAS THE AUTHORITY TO STAY THE LITIGATION OR BRIEFING ON THE PENDING MOTIONS TO DISMISS OR TO COMPEL ARBITRATION.**

The Court "possesses 'inherent authority to stay federal proceedings pursuant

to its docket management powers.'"  *In re PG&E Corporation Securities*

*Litigation*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Ernest Bock, LLC v.*

*Steelman*, 76 F.4th 827, 842 (9th Cir. 2023)).  The Court "'may, with propriety,

find it is efficient for its own docket and the fairest course or the parties to enter a

stay of an action before it, pending resolution of independent proceedings which

bear upon the case.'"  *Id.* (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*,

708 F.2d 1458, 1465 (9th Cir. 1983)).

The Ninth Circuit has identified the following non-exclusive factors for

determining whether to issue a stay: "'(1) the possible damage which may result

from the granting of a stay; (2) the hardship or inequity which a party may suffer in

-12-

being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *In re PG&E Corporation Securities Litigation*, 100 F.4th at 1085 (quoting *Ernest Bock, LLC*, 76 F.4th at 842).  Each of these factors warrants a limited stay in this case.

## II.    A LIMITED STAY IS WARRANTED IN THIS CASE.

### A.    No Possible Damage Resulting from a Stay.

Mr. Kwon and the Dentons Defendants will suffer no prejudice resulting from a stay.  That is reflected in the fact that the Kwon Motion seeks a stay, and the Dentons Defendants have indicated that they intend to seek a stay if the Court denies the Dentons Motion.

Mr. Kwon argues that the Court should stay this case regardless of whether it grants the Kwon Motion.  Kwon Motion at 21-24.  He argues that a stay of the proceeding pending resolution of the pending arbitration "will advance 'the orderly course of justice' by simplifying issues, evidence, and legal questions."  Kwon Motion, at 23.  Although the Dentons Defendants have not yet moved for a stay, they have informed Plaintiffs' counsel that "Should the Court decline to dismiss or strike all of the claims against the Dentons Defendants, we intend to ask that the Court stay this action pending the outcome of the pending arbitration . . . ."  Hagan Decl., Exhibit C.

Neither Mr. Kwon nor the Dentons Defendants have identified any prejudice

-13-

that they would suffer from staying this case or the briefing on their pending

motions pending a decision on the arbitrability questions, which Plaintiffs have

offered to brief promptly.  Hagan Decl., Exhibit D.

Courts in this district have held that the finite duration of a stay weighs in

favor of granting the motion.  *Wolf v. Lyft, Inc.*, 2015 WL 4455965 (N.D. Cal. July

20, 2015) (citing *Boise v. ACE USA, Inc.*, 2015 WL 4077433, at *6 (S.D. Fla. July

6, 2015)).  That is the case here, as the threshold issue of whether the claims in the

FAC are arbitrable can likely be decided without undue delay.

B. Hardship or Inequity.

In contrast, Plaintiffs risk facing substantial hardship and inequity by having

to continue to expend resources litigating this case while Mr. Kwon argues that the

claims against him should be directed to arbitration.  That is especially so if it is

determined that the claims are arbitrable and any of the issues must be re-briefed

before the arbitrator.  Given that the Dentons Defendants seek to recover their

attorneys' fees, Plaintiff seeks to ensure that the defenses raised by the Dentons

Defendants are resolved by the appropriate decisionmaker so that they can

determine how to proceed with regard to the claims against the Dentons

Defendants.  Plaintiffs also face the costs of service through the Hague Convention,

which requires translation of the FAC and related service documents, at a cost in

excess of $10,000 and which translation alone will take at least three weeks.

Plaintiffs will be prejudiced if they incur these costs only for the claims to be sent

-14-

to arbitration or for the case to be stayed, especially if they have to re-do any

translation and incur the delay required for service under the Hague Convention.

An orderly sequencing is likely to help avoid unnecessary costs.

It is notable that Defendants also seek a stay of the case, although they

oppose a limited stay pending resolution of threshold arbitrability issues.

C. <u>Orderly Course of Justice</u>.

The Kwon Motion admits that a stay pending resolution of the arbitration

will simplify issues, evidence, and legal questions.  Kwon Motion, at 23.

Permitting the arbitrator to resolve questions of arbitrability before this case

proceeds serves the orderly course of justice.

First, as addressed below, the EDA under which Mr. Kwon seeks to compel

arbitration of the claims against him delegates to the arbitrator questions of who is

entitled to enforce the arbitration agreement against Plaintiffs.  That agreement

further delegates to the arbitrator questions of who is entitled to enforce the

arbitration agreement.  The limited question for this Court, if any, is whether there

is an applicable delegation clause that would bind Mr. Kwon, who seeks to compel

arbitration.  Because there is such a clause, deciding the delegation question as a

threshold matter and directing the remaining issues of arbitrability and scope to the

arbitrator promotes the interests of efficiency for the parties and this Court.

Second, the arbitrator's decision as to whether the claims against Mr. Kwon

are arbitrable will be relevant to whether this case proceeds against the Dentons

-15-

Defendants.  Plaintiffs seek to proceed efficiently, and agree that the claims should be pending in as few separate proceedings as possible.  If it is determined that the claims against Mr. Kwon belong in arbitration, Plaintiffs submit that the claims against the Dentons Defendants, Mr. Zhao, and Beijing Dacheng would also very likely be arbitrable under the same arguments that Mr. Kwon raises.  The law recognizes that a signatory to an arbitration agreement can compel a non-signatory to arbitrate under "ordinary contract and agency principles, such as '1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel.'"  *Amisil Holdings Ltd. v. Clarium Capital Mgmt. LLC,* 622 F.Supp.2d 825, 830 (N.D. Cal. 2007) (quoting *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)).  Notably, Mr. Kwon asserts agency and estoppel theories in the Kwon Motion as to why the claims against him are arbitrable.  Kwon Motion, at 13-17.  If Mr. Kwon prevails in asserting that the claims against him are arbitrable on agency or estoppel theories, Plaintiffs would likely argue that the agency argument applies equally to the remaining Defendants.  The FAC alleges that the Defendants acted in concert to commit torts against Plaintiffs, and the agency issue is applicable to all of them, if it is applicable to any of them.  *See, e.g*., First Amended Complaint ¶¶ 6, 52, 55.

Third, addressing the issue of arbitrability first will also conserve the parties' and the Court's resources, if it is found that the claims in the FAC are arbitrable. For example, as noted in the FAC, Plaintiffs intend to seek leave to plead a

-16-

conspiracy claim against the Dentons Defendants, including Beijing Dacheng, a related law firm that, at the time in question, held itself out as "Dentons," is not yet before the Court.  That is a motion that either may not be needed or that may need to be decided by the arbitrator if the claims against the Dentons Defendants end up in arbitration.  In addition, it appears that Plaintiffs may need to seek to compel Mr. Kwon and the Dentons Defendants to participate in a scheduling conference under Fed. R. Civ. P. 26(f).  Although the parties have not yet conferred about that issue fully, Mr. Kwon and the Dentons Defendants have previously indicated that they do not believe that such a conference is timely until all parties are served or until all parties have filed answers.  Hagan Decl. ¶ 20.  That does not appear to comply with the Court's requirement that "[u]nless there is a likelihood that, upon motion by a party, the court would order that discovery be stayed, the parties should begin to propound discovery before the Scheduling Conference."  Standing Order for Civil Cases § 3; *see also Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 833 (9th Cir. 2018) (holding that the California procedural rule automatically staying discovery upon filing of an anti-SLAPP motion does not apply in federal court, where the decision to stay discovery depends on whether the motion is "founded on purely legal arguments," in which case a stay may be warranted, or "if it is a factual challenge," in which case discovery would be required).

    Whether the parties need to confer about these issues and present additional

motions to the Court for resolution would depend on whether the claims pleaded in the FAC are arbitrable against any of the Defendants. The procedural posture of this case warrants a limited stay so that the parties can sort the issues of arbitrability efficiently, which may limit what claims or parties remain in this litigation and what motions and defenses the Court needs to decide.

### III.    THE COURT SHOULD ORDER MR. KWON TO DIRECT QUESTIONS OF ARBITRABILTY TO THE ARBITRATOR.

The Supreme Court has recognized that an arbitration agreement may delegate to the arbitrator certain "threshold issues concerning the arbitration agreement," including "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S 63, 68 (2010); *see also Coinbase, Inc. v. Suski*, 602 U.S. 143, 148-149 (2024). In this case, Mr. Kwon (a non-signatory in his personal capacity), seeks to compel Plaintiffs (only one of which is a party to the arbitration agreement) to arbitrate their claims against him. The Kwon Motion admits that the EDA delegates questions of arbitrability to the arbitrator, but it presents no authority why that does not mean that the issues presented in the Kwon Motion should be decided by the arbitrator. ECF No. 38 at 20. And Plaintiffs can locate no such authority, but have found that the law suggests the contrary.

"Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate

between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  The Court specifically held that, although these "gateway" issues are generally decided by the courts, "these gateway issues can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.'"  *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) (emphasis in *Brennan*); *see also Attia v. Oura Ring, Inc.,* C.A. No 23-cv-03433-HSG, 2024 WL 1382464 at *2 (N.D. Cal. April 1, 2024) (holding that "gateway" questions of "whether a valid arbitration agreement exists between the parties, and whether the agreement covers a particular controversy" can be delegated).  In *First Options of Chicago, Inc. v. Kaplan*, a case that involved questions of arbitrability applicable to non-signatories like Mr. Kwon, the Supreme Court held that the question of "who – court or arbitrator – has the primary authority to decide whether a party has agreed to arbitrator" depends on the language of the agreement at issue.  514 U.S. 938, 943 (1995).  Here, Plaintiffs and Mr. Kwon agree that the EDA delegates questions of arbitrability to the arbitrator.

In conference, Mr. Kwon has argued that the Court must decide whether a non-signatory may enforce an arbitration agreement.  That is not the law.  Any distinction between whether the Court or the arbitrator decides these "gateway" issues is generally based on the language of the agreement at issue or whether any party challenges the formation of the arbitration agreement.  In *Kramer v. Toyota*

-19-

*Motor Co.*, the Ninth Circuit held that an arbitration clause did not reflect an intent

to delegate these "gateway" questions as to a non-signatory because the delegation

clause in the arbitration agreement at issue stated that "[e]ither you or we may

choose to have any dispute between you and us decided by arbitration."  705 F.3d

1122, 1127 (9th Cir. 2013) (alteration in *Kramer*).  The court explained that this

language "evidence[d] Plaintiffs' intent to arbitrate arbitrability with the

Dealerships and no one else."  *Id.*  Here, Mr. Kwon acknowledges that the EDA

that he seeks to enforce contains a delegation clause that states "[a]ny controversy

or claim arising out of or relating to this contract, or the breach thereof, shall be

settled by arbitration administered by the American Arbitration Association in

accordance with its Commercial Arbitration Rules, and the judgment on the award

rendered by the arbitrator(s) may be entered in any court having jurisdiction

thereof."  Hagan Decl., <u>Exhibit A</u> § 30; ECF No. 38 at 20-21.  AAA Commercial

Arbitration Rule R-7(a) says: "The arbitrator shall have the power to rule on his or

her own jurisdiction, including any objections with respect to the existence, scope,

or validity of the arbitration agreement or to the arbitrability of any claim or

counterclaim."  Under federal law and Washington law, this language clearly and

unmistakably delegates the question of arbitrability to the arbitrator.  *Oracle*

*America, Inc. v. Myriad Group A.G.,* 724 F.3d 1069, 1074 (9th Cir. 2013)

("Virtually every circuit to have considered the issue has determined that

incorporation of the [AAA] arbitration rules constitutes clear and unmistakable

evidence that the parties agreed to arbitrate arbitrability.") (alteration in *Oracle*). The EDA "clearly and unmistakably" reflects an intent to arbitrate "[a]ny controversy or claim arising out or relating to this contract," which would include the question of whether the claims in the FAC against Mr. Kwon (or any of the other Defendants) are subject to arbitration.  Hagan Decl., <u>Exhibit A</u>.

Mr. Kwon presents no authority holding that, under this language, the Court must first determine whether he can enforce the EDA's arbitration provision or whether the claims pleaded against him in the FAC are arbitrable.  *Kramer* specifically involved the question of whether the language of the agreement reflected that it intended to delegate questions of arbitrability raised by non-parties, and held that it did not.  705 F.3d at 1127.  In *Brennan*, the Ninth Circuit held that the threshold, "gateway" issue of "whether there is an agreement to arbitrate between the parties" may be delegated.  *Brennan*, 796 F.3d at 1130.  Courts have continued to hold that an arbitration agreement can delegate to the arbitrator the question of who is a party to the agreement.  *See Attia*, 2024 WL 1382464 at *2; *E & E Co. v. Light in the Box Ltd*., No. 15-CV-00069-EMC, 2015 WL 5915432, at *4 (N.D. Cal. Oct. 9, 2015) (collecting cases and holding that in arbitration provision expressly applicable only to "the parties" there was "no delegation to the arbitrator with respect to the issue of who is a party to the arbitration agreement in the first place.").

Courts have held that where there is no challenge to the delegation clause,

PLAINTIFFS' MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT QUESTIONS OF ARBITRABILITY TO ARBITRATION

the Court's inquiry ends if the language of that delegation clause extends to

disputes with non-signatories.  Here, no party challenges the validity of the

delegation clause.  *See* ECF No. 38 at 20-21.  In *Rent-A-Center*, the Supreme Court

held that if a litigant challenges the validity "of the precise agreement to arbitrate at

issue" under Section 2 of the Federal Arbitration Act, "the federal court must

consider the challenge before ordering compliance with that agreement under § 4."

561 U.S. at 71.  The Court held that "unless [the defendant] challenged the

delegation provision specifically, we must treat it as valid under § 2 [of the FAA],

and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the

Agreement as a whole for the arbitrator."  *Id.* at 72; *see also Caremark, LLC v.*

*Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022) (after deciding whether an

arbitration agreement was formed and whether there is any challenge to the

delegation provision, "if the parties did form an agreement to arbitrate containing

an enforceable delegation clause, all arguments going to the scope or enforceability

of the arbitration provision are for the arbitrator to decide.").

      Here, there is no dispute that the EDA is a valid and binding agreement.  Mr.

Kwon himself seeks to invoke the EDA's arbitration clause.  The question whether

he is entitled to enforce the arbitration clause and who must decide – the Court or

the arbitrator – whether he is entitled to enforce the agreement.  That is a question

of arbitrability and scope rather than an issue of whether an agreement exists.

      To be sure, in *Granite Rock Company v. International Brotherhood of*

PLAINTIFFS' MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT
QUESTIONS OF ARBITRABILITY TO ARBITRATION

*Teamsters*, the Supreme Court clarified that parties may not delegate questions of contract *formation*.  561 U.S. 287, 297, 299 (2010).  Cases in the Ninth Circuit holding that the question of whether the party seeking to enforce arbitration may do so is a question for the court appear to be limited to situations where the delegation clause is limited to the signatories to the agreement or whether the party resisting arbitration challenges the formation of any arbitration agreement *at all* not just whether it applies to a particular party or claim.

For example, in *S.T.G. by and through Garcia v. Epic Games, Inc.*, the court held that the question of whether minor video game players had disaffirmed an arbitration clause in an end-user license agreement was a "challenge that an agreement to arbitrate was never formed," under *Caremark*.  No. 24-cv-517-RSH-AHG, 2024 WL 4375782, at *5 (S.D. Cal. Oct. 2, 2024) (appeal filed).  The court found that it was not a challenge to formation.  *Id.* (reasoning that "Plaintiffs do not argue that disaffirmance means that they never entered into the [license agreement]; instead, their position is that after this lawsuit was filed, the [license agreement] because 'void ab initio' and a 'nullity.'").  *See also Shulman v. Kaplan*, No. CV1905413ABFFMX, 2020 WL 2748022, at *8 (C.D. Cal. Jan. 28, 2020) (the question whether a nonsignatory could compel arbitration was an issue for the arbitrator based on the language of the arbitration agreement); *Elias Shiber & CANA, Inc. v. Have a Heart Compassion Care, Inc*., No. 220CV05441SVWSHK, 2020 WL 8671896, at *6 (C.D. Cal. Oct. 14, 2020) (arbitrator had jurisdiction to

-23-

determine the threshold question of whether non-signatory was bound by arbitration agreement); *Salas v. Universal Credit Servs., LLC*, No. 17-CV-2352 JLS (BLM), 2019 WL 1242448, at *5 (S.D. Cal. Mar. 18, 2019) (staying case pending arbitration noting that "the arbitrator may ultimately decide that Plaintiff's claims are not in fact subject to arbitration."); *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1043 (N.D. Cal. 2018) (deferring non-signatory's motion to compel arbitration based on language of arbitration agreement delegating questions to arbitrator). The questions at issue in the Kwon Motion are for the arbitrator to decide.

## <u>CONCLUSION</u>

For these reasons, the Court should stay this matter, or at least stay any briefing and ruling on the Kwon Motion and Dentons Motion, for sufficient time for the arbitrator to decide the questions of arbitrability raised in the Kwon Motion and any application that decision may have as to the remaining Defendants. The Court should also order Mr. Kwon to submit those questions to the arbitrator.

1

2  Dated: January 9, 2025                    Respectfully Submitted,

3

4                                            **AVID HOLDINGS, LTD.,**
                                             **JONATHAN CARFIELD, and**
5                                            **HANNA CARFIELD**

6                                            By their attorneys,

7

8                                            By: /s/ Colin R. Hagan
                                             Colin R. Hagan
9                                            Shlansky Law Group, LLP
                                             3790 El Camino Real, #112
10                                           Palo Alto, CA 94306
                                             Phone: (650) 238-5433
11                                           Fax:   (866) 257-9530
                                             E-mail: Colin.Hagan@slglawfirm.com
12

13                                           David J. Shlansky*
                                             Frances F. Workman*
14                                           Shlansky Law Group, LLP
                                             1 Winnisimmet Street
15                                           Chelsea, MA 02150
                                             Phone: (617) 497-7200
16                                           Fax: (866) 257-9530
                                             Email:
17                                           David.Shlansky@slglawfirm.com
                                             Frances.Workman@slglawfirm.com
18                                           * *pro hac vice* application forthcoming

19

20                                           *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

28
                                    -25-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Stay and to Compel Alex Kwon to Submit Questions of Arbitrability to Arbitration was filed with the Clerk of Court for the United States District Court for the Central District of California by using the CM/ECF notification system on January 9, 2025, which will serve notification on counsel for Defendants Alex Kwon, Dentons Durham Jones Pinegar P.C., and Dentons US LLP.

Plaintiffs are in the process of attempting to serve Defendants Zhao Yu and Beijing Dacheng Law Offices, LLP, through the Hague Service Convention.

/s/ Colin R. Hagan
Colin R. Hagan

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certify that this brief contains 4,570 words, which complies with the word limit of L.R. 11-6.1.

/s/ Colin R. Hagan
Colin R. Hagan

PLAINTIFFS' MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT
QUESTIONS OF ARBITRABILITY TO ARBITRATION