| | |
|---|---|
| 1 | Colin R. Hagan (CA Bar #298591) |
| 2 | Colin.Hagan@slglawfirm.com |
|   | Shlansky Law Group, LLP |
| 3 | 3790 El Camino Real, #112 |
| 4 | Palo Alto, CA 94306 |
|   | Phone: (650) 238-5433 |
| 5 | Fax: (866) 257-9520 |
| 6 | *Attorney for Plaintiffs* |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| AVID HOLDINGS LTD. f/k/a ALDEREGO GROUP LTD., a Hong Kong limited liability company, HANNA CARFIELD and JONATHAN CARFIELD, | ) ) ) ) ) ) ) | Case No. 2:24-cv-8196 **PLAINTIFFS' *EX PARTE* APPLICATION FOR AN EXPEDITED SCHEDULE ON MOTION TO STAY AND TO COMPEL ALEX KWON TO SUBMIT QUESTIONS OF ARBITRABILITY TO ARBITRATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiffs, | ) ) ) | |
| - against - | ) ) ) | |
| ALEX KWON, ZHAO YU, DENTONS DURHAM JONES PINEGAR P.C., DENTONS US LLP, and BEIJING DACHENG LAW OFFICES, LLP, | ) ) ) ) ) | [Declarations of Colin R. Hagan and Proposed Order Filed Concurrently] |
| Defendants. | ) ) ) | Filed: September 4, 2024 Assigned to the Hon. Sherilyn Peace Garnett |

**NOTICE OF MOTION**

TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Avid Holdings, Ltd., formerly

---

PLAINTIFFS' *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING

1  known as AlderEgo Group Ltd. ("Avid Holdings"), Hanna Carfield, and Jonathan

2  Carfield (collectively, "Plaintiffs") hereby apply *ex parte* before the Hon. Sherilyn

3

4  Peace Garnett pursuant to Local Rule 7-19 for an order providing for an expedited

5  briefing schedule and hearing date for Plaintiffs' Motion to Stay and to Compel

6  Alex Kwon to Submit Questions of Arbitrability to Arbitration (ECF No. 46) (the

7

8  "Motion to Stay").

9      This application is reluctantly made on the grounds that, although Defendants

10 have either sought or indicated that they plan to seek a stay of this case pending the

11

12 outcome of a pending arbitration, and Defendant Alex Kwon seeks to compel

13 arbitration of the claims against him, Defendants have refused to work with any of

14 Plaintiffs' proposals or stipulations to enter into a limited stay of this case for so

15

16 long as necessary for Plaintiffs and Mr. Kwon to submit questions of arbitrability to

17 the arbitrator in the pending arbitration.  Plaintiffs' proposals would have avoided

18

19 the need for this application, Mr. Kwon's Motion to Compel Arbitration and to Stay

20 Case, and potentially Defendants Dentons Durham Jones Pinegar P.C.'s ("DDJP")

21 and Dentons US LLP's ("Dentons US") Motion to Strike or to Dismiss, as well as

22

23 other litigation events that may either be moot or unnecessary if the arbitrator

24 concludes that any of the claims in this action are arbitrable against Mr. Kwon or

25 any of the other Defendants.  Plaintiffs have repeatedly sought to relax process to

26

27 simplify and ease matters for Defendants and their counsel, but Mr. Kwon and the

28 Dentons Defendants have insisted on filing, briefing, and having the Court rule on

-2-

their Motions, unless Plaintiffs would agree to arbitrate the claims against Mr. Kwon and dismiss the claims against the Dentons Defendants, without any willingness to agree to any compromise or alternative procedure to have the arbitrator address threshold questions of arbitrability. This application is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Colin R. Hagan in Support of Plaintiffs' *Ex Parte* Application, and the Proposed Order granting the application.

Pursuant to Local Rule 7-19.1, on January 9, 2025, counsel for Plaintiffs made a good faith effort to advise counsel for all other parties, to the extent known, of the date and substance of the proposed *ex parte* application.

DATED this 9th day of January, 2025.

        Respectfully Submitted,

**AVID HOLDINGS, LTD., JONATHAN CARFIELD, and HANNA CARFIELD**

By their attorneys,

By: /s/ Colin R. Hagan
Colin R. Hagan
Shlansky Law Group, LLP
3790 El Camino Real, #112
Palo Alto, CA 94306
Phone: (650) 238-5433
Fax:   (866) 257-9530
E-mail: Colin.Hagan@slglawfirm.com

David J. Shlansky*
Frances F. Workman*
Shlansky Law Group, LLP
1 Winnisimmet Street
Chelsea, MA 02150
Phone: (617) 497-7200
Fax: (866) 257-9530
Email:
David.Shlansky@slglawfirm.com
Frances.Workman@slglawfirm.com
* *pro hac vice* application forthcoming

*Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 7-19, Plaintiffs Avid Holdings, Ltd., formerly known as AlderEgo Group Ltd. ("Avid Holdings"), Hanna Carfield, and Jonathan Carfield (collectively, "Plaintiffs") respectfully submit this Memorandum in Support of Plaintiffs' *Ex Parte* Application for an Expedited Briefing Schedule and Hearing Date on Plaintiffs' Motion to Stay and to Compel Alex Kwon to Submit Questions of Arbitrability to Arbitration. For the reasons set forth below, the Court should order Defendants to file any opposition to Plaintiffs' Motion to Stay on or before January 16, 2025, and set a hearing date on Plaintiffs' Motion to Stay for January 17, 2025, at 10:00 a.m. or otherwise at a time of the Court's convenience.

### I.  INTRODUCTION

This action was filed on September 24, 2024. ECF No. 1. A First Amended Complaint was filed on December 16, 2024. ECF No. 37. On December 19, 2024, Defendant Alex Kwon filed a Notice of Motion and Motion to Compel Arbitration and Stay Case (the "Motion to Compel"). ECF No. 38. In his Motion to Compel, Mr. Kwon asks that the Court hold that Mr. Kwon, as an officer of principal of Next Level Ventures, LLC ("Next Level"), can compel arbitration under an Exclusive Distribution Agreement ("EDA") between Next Level and Avid Holdings. ECF No. 38-3. Mr. Kwon's Motion to Compel inherently implicates the question of whether this Court, or the arbitrator, should determine whether Mr.

Kwon may compel arbitration. ECF No. 38. For the reasons set forth in the Motion to Stay, Plaintiffs respectfully submit that the arbitrator in the pending arbitration styled as *Avid Holdings Ltd. f/k/a AlderEgo Group Ltd. v. Next Level Ventures, LLC*, American Arbitration Association Case No. 01-23-0000-8019, not this Court, should make this initial determination. *See* Declaration of Colin R. Hagan in Support of Motion to Stay, Exhibit B. Mr. Kwon also acknowledges in his Motion to Compel that the EDA that he cites, which contains the arbitration agreement that Mr. Kwon seeks to enforce, delegates questions of arbitrability to the arbitrator. ECF No. 38 at 20. However, he argues "[b]ecause the EDA delegated arbitrability issues to the arbitrator under the AAA's rules, the Court must compel arbitration and allow the arbitrator to resolve any purported issues of arbitrability or enforceability." *Id*. It is not necessary for the Court to compel arbitration because Plaintiffs agree that the arbitrator should decide these issues. Under decisional authority, once the Court is satisfied that an arbitration agreement exists, and that no party challenges formation of the arbitration agreement or the delegation provision, the Court's inquiry ends. ECF No. 45 at 6-13. However, because Mr. Kwon and Plaintiffs agree that the arbitrator should decide these issues, Plaintiffs submit that the most efficient and fair course is for the Court to direct Mr. Kwon to raise these issues in the arbitration and stay this case, or at least stay the briefing and decision on Mr. Kwon's Motion and the Motion filed by the Dentons Defendants, while the arbitrability issues are resolved in arbitration.

Plaintiffs respectfully submit that the arbitrator should make the initial determination as to whether Mr. Kwon can compel arbitration at all, not this Court.

This preliminary determination as to whether this Court has the authority to decide the Motion to Compel may eliminate the need for this Court to decide the Motion to Compel at all, if this Court finds that the arbitrator must decide whether Mr. Kwon may enforce the EDA as a non-signatory and whether the claims against Mr. Kwon are arbitrable. This preliminary decision may also have a more wide-ranging impact, because if this Court finds that the determination as to whether Mr. Kwon should be able to compel jurisdiction is for the arbitrator to decide, and the arbitrator finds that the EDA does apply to certain agents of Next Level, Plaintiffs intend to seek to arbitrate against the DDJP and Dentons US and the other to-be-served Defendants as well. This may significantly reduce the scope of this case, and minimize the parties' and the Court's expenditure of resources on this matter, including Plaintiffs' expense in having to serve two foreign Defendants through the Hague Convention at great expense.

Plaintiffs respectfully submit that they have made diligent efforts to attempt to avoid the need for any urgent or *ex parte* relief. Plaintiffs note that Defendants have indicated that they intend to oppose this Application, and Plaintiffs do not seek to foreclose their opportunity to respond. Plaintiffs' efforts to avoid the need for the relief requested herein and in the Motion to Stay have included conferring by videoconference and making several proposals to stipulate to a stay of this case,

which each of the Defendants who have appeared have sought or indicated that they intend to seek. Defendants would not agree to Plaintiffs' proposal to extend Defendants' deadlines to respond to the Complaint so that the parties could confer further and attempt to achieve an orderly process to address Alex Kwon's claim that the claims pleaded against him are arbitrable, which is a question that Plaintiffs and Mr. Kwon *agree* is reserved for the arbitrator in a related, pending arbitration. Nor would Defendants agree to a limited stay to submit to the arbitrator in the arbitration the threshold question of whether the claims that he argues must be arbitrated are arbitrable. Plaintiffs have sought to confer about the substantive relief requested since December 27, 2024, but were unable to complete the requisite videoconference until January 7, 2025, based on the availability of other counsel. Defendants insisted on filing their motions, which could ultimately be unnecessary, or addressable in a different forum.

## II.     LEGAL STANDARD

*Ex parte* relief here is warranted because, without expedited adjudication of Plaintiffs' Motion to Stay, Plaintiffs will be irreparably harmed. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) (holding that a party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures,' and a showing 'that the moving party is without fault in creating the

crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."). Plaintiffs can show both that they will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures and that they are without fault in creating the situation warranting *ex parte* relief.

## III. ARGUMENT

### A. Absent *Ex Parte* Relief, Plaintiffs Will Be Irreparably Prejudiced.

Absent *ex parte* relief, to continue expending resources addressing the briefing and hearing on the pending motions, including the Motion to Dismiss the First Amended Complaint and to Strike before this Court has made the preliminary determination as to whether it even has authority to hear the Motion to Compel under the present circumstances. Should this Court decide that the determination as to whether Mr. Kwon can compel arbitration is a matter for the arbitrator to decide, it may avoid proceedings in this Court. Courts have found sufficient basis to grant *ex parte* relief where it could prevent unnecessary proceedings in this Court. In *City of Sacramento v. Teva Pharm. Indus., Ltd.*, the court held that "the Court granted Plaintiffs' *Ex Parte* Application for an Expedited Briefing Schedule based on Plaintiffs' premise that '[i]f the [multidistrict litigation ("MDL")] grants a motion to transfer before this Court renders a decision on the remand motion, then Plaintiffs may be stuck in federal court for years before any federal court assesses whether there is subject-matter jurisdiction over Plaintiffs' claims.'" No. 220CV01824MCECKD, 2020 WL 5702105, at *1 (E.D. Cal. Sept. 24, 2020). As

in *City of Sacramento*, motion practice and potentially significant litigation expense may be bypassed should the arbitrator be the one to determine that Mr. Kwon may compel arbitration, and find that he can compel arbitration, especially if those same considerations would apply to the remaining Defendants. This presents good cause, for which this Court may shorten the typical 28-day period between the notice of motion and a hearing date. *See, e.g.*, *Brown v. Prop. & Cas. Ins. Co. of Hartford*, No. 1:20-CV-00186-SAB, 2021 WL 929619, at *6 (E.D. Cal. Mar. 11, 2021).

On the other hand, neither side will suffer prejudice if the Court grants *ex parte* relief and resolves Plaintiffs' Motion to Stay on an expedited basis. Mr. Kwon agrees in his Motion that the arbitrator should resolve issues of arbitrability, and Plaintiffs have proposed that he respond to the Motion to Stay at approximately the same time that his reply in support of his Motion to Compel would be due, which will likely address the same or similar issues. Counsel for Mr. Kwon represented in conference that he has addressed the issue of whether this Court should make the determination as to whether a non-signatory to an arbitration agreement may compel arbitration, rather than an arbitrator, in "over 100 cases" and that this issue is straightforward. Given that the jurisdictional issues are straightforward, according to Mr. Kwon's counsel, there should be no prejudice in having this issue addressed before the substance of the Motion to Compel is briefed, and before Dentons' pending motion is brief or this matter is litigated further. Delaying adjudication of Plaintiffs' Motion to Stay risks prejudice to

Plaintiffs, while adjudicating this request and making the determination as to whether this Court should hear Mr. Kwon's Motion to Compel now carries with it little to no prejudice to anyone.

### B. Plaintiffs Are Without Fault in Creating the Need For *Ex Parte* Relief.

Plaintiffs are entirely without fault in creating the need for *ex parte* relief. The need for relief here is entirely the result of Mr. Kwon's raising with this Court the determination as to whether this Court should compel arbitration, which Plaintiffs respectfully submit is a question for the arbitrator to decide. Absent Mr. Kwon's Motion to Compel, filed on December 19, 2024, this relief would not be necessary. Plaintiffs have sought to confer with counsel for Mr. Kwon on at least two occasions to address the substantive legal issue of whether this Court or the arbitrator should decide whether Mr. Kwon can enforce the EDA or whether the claims pleaded against him are subject to arbitration. That has required extensive research to try to identify the purported distinction that Mr. Kwon argues exists when the question of delegation is raised against a non-signatory, although any such distinction does not appear to exist under the circumstances of this case. Because the relief requested herein also affects Dentons' Motion, Plaintiffs also sought to confer with counsel for Dentons, who was not available until January 7, 2025, despite Plaintiffs requesting a conference on Friday, December 27, 2024, and identifying the relief requested here in that initial request for a conference.

PLAINTIFFS' *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING

1  Plaintiffs offered to extend Defendants' response deadline to the First Amended
2  Complaint to avoid the need for them to file their motions so that the parties could
3  
4  confer further and work to identify an efficient order of operations, but Mr. Kwon
5  and the Dentons Defendants insisted on filing their motions, instead.  Mr. Kwon
6  and the Dentons Defendants have refused to agree to stay this matter, on a limited
7  
8  basis, to allow the Court to address the threshold issue of whether the arbitrator or
9  the Court should address the issues raised in Mr. Kwon's motion.  They refused to
10 agree to any process short of having the Court rule on their motions unless
11 
12 Plaintiffs would accede to the relief they seek or withdraw their claims against
13 them.

## IV.   CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court grant their *ex parte* request for an expedited briefing schedule and hearing date for Plaintiffs' Motion to Stay.

Respectfully Submitted,

**AVID HOLDINGS, LTD., JONATHAN CARFIELD, and HANNA CARFIELD**

By their attorneys,

By: /s/ Colin R. Hagan
Colin R. Hagan
Shlansky Law Group, LLP
3790 El Camino Real, #112
Palo Alto, CA 94306
Phone: (650) 238-5433
Fax:   (866) 257-9530
E-mail: Colin.Hagan@slglawfirm.com

David J. Shlansky*
Frances F. Workman*
Shlansky Law Group, LLP
1 Winnisimmet Street
Chelsea, MA 02150
Phone: (617) 497-7200
Fax: (866) 257-9530
Email: David.Shlansky@slglawfirm.com
Frances.Workman@slglawfirm.com
* *pro hac vice* application forthcoming

*Attorneys for Plaintiffs*

-13-

PLAINTIFFS' *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' *Ex Parte* Application for an Expedited Briefing Schedule and Hearing Date on Plaintiffs' Motion to Stay and to Compel Alex Kwon to Submit Questions of Arbitrability to Arbitration was filed with the Clerk of Court for the United States District Court for the Central District of California by using the CM/ECF notification system on January 9, 2025, which will serve notification on counsel for Defendants Alex Kwon, Dentons Durham Jones Pinegar P.C., and Dentons US LLP.

Plaintiffs are in the process of attempting to serve Defendants Zhao Yu and Beijing Dacheng Law Offices, LLP, through the Hague Service Convention.

/s/ Colin R. Hagan
Colin R. Hagan

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certify that this brief contains 1,965 words, which complies with the word limit of L.R. 11-6.1.

/s/ Colin R. Hagan
Colin R. Hagan

PLAINTIFFS' *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING