UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08196-SPG-PVC | Date | January 13, 2025 |
| Title | AVID HOLDINGS LTD. ET AL. v. ALEX KWON ET AL. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER ON PLAINTIFFS' EX PARTE APPLICATION FOR AN EXPEDITED SCHEDULE ON MOTION TO STAY AND COMPEL DEFENDANT ALEX KWON TO SUBMIT QUESTIONS OF ARBITRABILITY TO ARBITRATION [ECF NOS. 47, 44]

Before the Court is Plaintiffs' Avid Holdings Ltd., Hanna Carfield, and Jonathan Carfield ("Plaintiffs") *Ex Parte* Application for an Expedited Schedule on Motion to Stay and Compel Defendant Alex Kwon to Submit Questions of Arbitrability to Arbitration (ECF No. 47 ("Application")). Defendant Alex Kwon ("Defendant Kwon") and Defendants Dentons Durham Jones Pinegar P.C., and Dentons US LLP (("Dentons Defendants") (Defendant Kwon and Dentons Defendants collectively, "Defendants")) oppose the Application. *See* ECF Nos. 49 and 50. The Court has read and considered the matters raised by the Application and oppositions and has concluded this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the relevant law and the record in this case, the Court DENIES the Application.

Plaintiffs' Application seeks to have Plaintiffs' Motion to Stay and to Compel Alex Kwon to Submit Questions of Arbitrability to Arbitration, (ECF No. 46 ("Plaintiffs' Motion")), heard on an expedited briefing schedule before the hearings on Defendant Kwon's Motion to Compel Arbitration and Stay Case, (ECF No. 38 ("Kwon's Motion")) and Dentons Defendants' Motion to Dismiss First Amended Complaint and to Strike (ECF No. 41 ("Dentons' Motion")), which are currently set for January 29, 2025, and February 12, 2025, respectively. Plaintiffs assert they "reluctantly made" the Application because the parties have been unable to reach an agreement on Plaintiffs' proposals for a limited stay and for alternative procedures to address the issue of arbitrability. (Appl. at 2–3). Plaintiffs, however, have failed to show the *ex parte* relief they seek is warranted.

An *ex parte* application for relief "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To justify

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08196-SPG-PVC | Date | January 13, 2025 |
| Title | AVID HOLDINGS LTD. ET AL. v. ALEX KWON ET AL. | | |

*ex parte* relief, the movant "must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* And the movant must show it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* Plaintiffs have not sufficiently made either showing.

*First*, Plaintiffs assert that "motion practice and potentially significant litigation expense may be bypassed" if the Application is granted. (Appl. at 10). But Plaintiffs have already filed their opposition to Kwon's Motion, *see* (ECF No. 45), and have advanced the same arguments in their Opposition to Kwon's Motion as they have made in Plaintiffs' Motion—namely, for a limited stay and for the arbitrator to determine questions of arbitrability. *See* ECF No. 45 at 10–17. Further, as to the Dentons Defendants, Plaintiffs have not shown why the issue of arbitrability has any bearing on the issues raised in the Dentons' Motion to justify delaying Plaintiffs' response to the Dentons' Motion. Plaintiffs' vague assertion that Plaintiffs' Motion may impact the Dentons Defendants, (Appl. at 10), is not enough to warrant "relegat[ing]" the Dentons' Motion to "a secondary priority." *Mission Power Eng'g*, 883 F. Supp. at 492. Further, although Plaintiffs contend the Application "may prevent unnecessary proceedings in this Court," (Appl. at 9), this "appeal to the Court's limited resources falls far short of showing 'that all will be lost unless immediate action is taken.'" *360 Destination Grp. Fla., LLC v. 360 DG, LLC*, 2024 WL 3914498, at *2 (C.D. Cal. July 10, 2024) (citing *Mission Power Eng'g*, 883 F. Supp. at 492). Indeed, Plaintiffs' filing of the Application had the effect of requiring the Court to unnecessarily expend some of its limited resources in considering and ruling on the Application.

*Second*, Plaintiffs do not demonstrate they are "without fault in creating whatever it is [Plaintiffs] perceive[ ] as a crisis condition" necessitating the expedited briefing and hearing schedule they seek. *Mission Power Eng'g*, 883 F. Supp. at 493. The question of whether an arbitrator should determine arbitrability will already be an issue for the Court's consideration when hearing the Kwon Motion. Plaintiffs have also already secured Defendants' agreements to have all the Defendants' pending motions heard on February 12, 2025, *see* (ECF No. 44), and Plaintiff has not shown why Plaintiffs' Motion could not be heard at the same time.

For the foregoing reasons, the Court DENIES Plaintiff's Application. To provide Defendants' counsel adequate time to brief Plaintiffs' Motion, the Court, on its own motion, ORDERS the hearing on Plaintiffs' Motion for February 12, 2025. Defendants may file an opposition, if any, by January 22, 2025, and Plaintiffs may file their reply, if any, by January 29, 2025. The Court, on its own motion, further ORDERS that the hearing on the Kwon Motion is continued from January 29, 2025, to February 12, 2025. The Court hereby DENIES the stipulation at ECF No. 44 as MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-08196-SPG-PVC | Date | January 13, 2025 |
| Title | AVID HOLDINGS LTD. ET AL. v. ALEX KWON ET AL. | | |

Initials of Preparer   pg